# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARCIA GALE MARUTANI-HOLDREN,

      Plaintiff,

v.                                                            Case No:   6:25-cv-597-LHP

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

      Defendant

---

## ORDER

This cause comes before the Court on Plaintiff's Motion for Default Judgment. Doc. No. 29.  On review, the motion (Doc. No. 29) will be **DENIED without prejudice**.

Based on Defendant's failure to comply with Court Orders, on June 11, 2025, the Court ordered Defendant's answer stricken and directed the Clerk of Court to enter default against Defendant.  Doc. Nos. 26, 28; *see also* Doc. Nos. 3, 14, 22, 23. The Court ordered Plaintiff to file a motion for default judgment in accordance with Local Rule 1.10(c).  Doc. No. 26.  The next day, Plaintiff filed her motion for default judgment.  Doc. No. 29.  In the motion, Plaintiff provides a brief recitation

of the procedural history of this case and states in one sentence: "Plaintiff herein seeks a default judgment against the Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, to pursuant to Fed. R. Civ. P. 55(b)(2)(B), 16 (f)(1)(c), 37 (b)(2)(A)(iii) and Local Rule 1.10(c)." *Id.* The motion does not otherwise comply with Local Rule 3.01(a) because it does not include a memorandum of legal authority in support, nor does Plaintiff address or include any evidence of damages. *Id.*

A party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019).

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, the present motion is insufficient to demonstrate that default judgment is proper. The motion does not set forth the elements of Plaintiff's claims against Defendant or demonstrate how the well pleaded allegations of the complaint establish each of those elements. Without this information, the Court is unable to determine whether Plaintiff is entitled to a default judgment. *See Hernandez v. Andujar*, No. 8:22-cv-1632-JSM-TGW, 2023 WL 2931712, at *1 (M.D. Fla. Jan. 24, 2023) ("In order to establish liability, the plaintiff must identify the elements of each claim upon which she seeks default judgment, with proper legal citations, and after each element state the admitted facts supporting satisfaction of that element."). And the Court notes that Plaintiff does not address her damages at all. Doc. No. 29.

Accordingly, the Motion for Default Judgment (Doc. No. 29) is **DENIED without prejudice**. It is **ORDERED** that Plaintiff shall file a renewed motion in accordance with Local Rule 1.10(c). *See* Doc. No. 26. A renewed motion shall be supported by a memorandum of legal authority setting forth the elements of each cause of action asserted and demonstrating how the well pleaded allegations of the complaint establish each of the elements of the claims for which Plaintiff seeks default judgment. In making this showing, Plaintiff must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements. If the well pleaded allegations of the complaint establish

- 4 -

liability on each claim, then Plaintiff must set forth the legal basis for her entitlement to damages and present evidence sufficient to establish the damages to be awarded.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties